No. 3340

Second Circuit

___

SLEDGE v. LOUISIANA HIGHWAY COMMISSION ET AL.

___

(May 20, 1931. Opinion and Decree.)

___

H. W. Ayres, of Jonesboro, attorney for plaintiff, appellant.

C. O. Dupont, of Baton Rouge, attorney for defendants, appellees.

McGREGOR, J. This is a suit by the plaintiff, C. H. Sledge, against the Louisiana Highway Commission and the Police Jury of Bienville parish for damages growing out of the taking of a right of way across a five-acre plot of land belonging to plaintiff in the town of Castor. The amount claimed is itemized as follows:

1. .95 acre of land appropriated and used as a right of way in building said road, at $250 per acre ........$237.50
2. 4 rolls net wire for rebuilding fence (at $10.50 per roll)............... 42.00
3. 2 spools barb wire for rebuilding fence (at $3.90 per spool)........ 7.80
4. 135 fence posts for rebuilding fence (at .15 each)........................ 20.25
5. Contract for labor in building fence ................................... 12.50
6. Damage due to shape, position, and size of the two pieces or parcels of land that the said tract of land was left in by constructing the said road across the said five and a half acre tract ..................... 228.50

Total ...............................................$548.55

A preliminary default was granted against the Louisiana Highway Commission on May 25, 1927, and was confirmed on May 30, 1927. On the next day, May 31, the Louisiana Highway Commission

filed a motion for a new trial on the ground that its attorney had prepared and mailed to W. D. Goff, district attorney, an exception of no cause or right of action on May 10, 1927, and that it was not received by him until May 26, 1927, on account of the flood conditions prevailing at that time in this state; that the court was not open from that date until May 30, 1927, the day on which the plaintiff's judgment by default was confirmed; that the said district attorney could not be present on that day because he had to be in Shreveport in attendance on the Court of Appeal. The court took the motion under advisement and did not decide it until the next term of court on September 28, 1927. On that day the motion was sustained and a new trial was granted. Plaintiff objected to this ruling on the ground that under the provisions of the Code of Practice, article 558, the court had no authority to carry the motion over through the summer vacation. On this same day the answer of the Louisiana Highway Commission was filed. It denied any indebtedness to the plaintiff. In connection with its answer it filed an exception of no cause or right of action. The police jury filed an exception of no cause or right of action on May 23, 1927, and on March 7, 1928, it filed a plea of estoppel and its answer, which denied owing anything to the plaintiff. The answer of the Louisiana Highway Commission set out that under its arrangement with the police jury all rights of way were to be furnished to it free of charge by the police jury and that plaintiff was aware of this fact. The answer of the police jury set forth that the plaintiff had agreed orally to accept a deed to the abandoned right of way of the old road in lieu of the new right of way across his property and that, therefore, he was estopped from claiming compensation; that it could and would have secured a free right of way elsewhere but for this oral agreement with plaintiff.

The case was tried on March 7, 1928, and on April 3, following, judgment was rendered for plaintiff against the Louisiana Highway Commission for $82.55, the cost of fencing claimed by plaintiff. The exception of no cause or right of action filed by the police jury was sustained, but in spite of this ruling, the police jury, was ordered to execute a deed to the plaintiff for the right of way of the old road. From this judgment both the plaintiff and the Louisiana Highway Commission have appealed.

OPINION

Counsel for plaintiff in his brief insists that the default judgment signed on May 30, 1927, should be sustained because of the fact that under the law, Code of Practice, article 558, the court should not have carried the motion for a new trial over through the summer vacation. The record does not disclose that either party made any effort to have the motion passed on before the adjournment of the court for the summer vacation. This is a right that the Code of Practice, article 558, grants to all parties to a suit. But when it is not exercised the court does not abuse its discretion in ruling on it at the beginning of the fall term. In view of the allegations set forth in the motion the court very properly sustained it and granted the new trial.

The right of way crossing the plaintiff's land contained approximately .95 of an acre. The average value of this land was satisfactorily proved to be about $137.50 per acre. At this rate the right of way would be worth $130.63, and plaintiff is entitled to judgment for that amount. Un-

der its agreement with the police jury the Louisiana Highway Commission was to receive the right of way free of charge and it, no doubt, will find a way to have the police jury reimburse it for whatever sum it may have to pay on account of this judgment. There was no obligation on the part of the Louisiana Highway Commission to build a fence on each side of the highway across the plaintiff's land. The only right of action that the plaintiff would have against the commission is provided by the following provision of section 27, Act No. 95 of 1921 (Ex. Sess.):

"If any improvement of the land owner, or any crops upon the land, are damaged or destroyed by the location of such highway, then such owner may recover additional compensation for the actual injury or destruction of such improvement or crops."

No damage that comes within the provision of this act was proved and so none can be granted.

The exception of no cause or right of action filed by the police jury was properly sustained and, therefore, no judgment could be rendered ordering and directing it to sign a deed to the right of way of the old road bed. It is doubtful whether the police jury would have the right to grant a deed to this property to anyone. The law makes the necessary disposition of this abandoned road.

For the reasons assigned it is ordered, adjudged and decreed that the judgment appealed from be and the same is hereby annulled; and that there be judgment in favor of the plaintiff against the Louisiana Highway Commission for the sum of $130.63, with legal interest thereon from judicial demand, and all costs of both courts.